**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND CHICO; RUBY CHICO, | No. 20-71017 |
| Petitioners-Appellants, | Tax Ct. No. 22264-16 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted October 6, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and FRIEDLAND, Circuit Judges.

Raymond and Ruby Chico appeal the Tax Court's imposition of a fraud penalty for their 2010 through 2012 federal income tax returns. We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review the Tax Court's imposition of a fraud penalty for clear error, *see Bradford v. Comm'r*, 796 F.2d 303, 307 (9th Cir. 1986), and we apply clear error review to Tax Court decisions based on a stipulated record, even when credibility determinations are at issue, *see Church By Mail, Inc. v. Comm'r*, 765 F.2d 1387, 1390 (9th Cir. 1985). The Chicos contend that we should review the findings *de novo* because the case was decided by a successor judge on the basis of the trial record before the prior judge. However, the Chicos consented to their case being decided by a successor judge on the basis of the prior trial record, without further testimony or evidentiary development. This consent meant that the case was decided in a manner that treated the trial record as a stipulated record, so clear error review applies.

The Tax Court did not clearly err in finding clear and convincing evidence of fraud based on the six badges of fraud present in the record. The record supports the Tax Court's findings that the Chicos: (1) understated their income by more than $275,000 over three years; (2) produced no "adequate records" to substantiate the figures reported on their tax returns; (3) failed to file tax returns for Lakewood Patient Resource Center even after being asked to do so by the Revenue Agent with the IRS in 2016; (4) implausibly attributed their underreported income to nontaxable investments from an inheritance when the Revenue Agent accurately

2

characterized the majority of these transfers as nontaxable; (5) concealed income from Lakewood by failing to report constructive dividends received in 2011 and reporting only some of the income they received in 2010; and (6) failed to cooperate with the Revenue Agent's investigation by ignoring his early requests for interviews and blaming their attorney for failing to produce adequate records. *See Bradford*, 796 F.2d at 307–08 (listing badges of fraud).

The Tax Court also considered these badges of fraud in the context of Mr. Chico's specialized knowledge and experience on "corporate and business taxation" as a tax preparer himself to find even stronger circumstantial evidence of fraud. There is no clear error in the Tax Court's finding that the total weight of these badges provided clear and convincing evidence of the Chicos' "'specific intent to avoid a tax known to be owing.'" *Maciel v. Comm'r*, 489 F.3d 1018, 1026 (9th Cir. 2007) (quoting *Estate of Trompeter v. Comm'r*, 279 F.3d 767, 773 (9th Cir. 2002)). Therefore, we affirm the judgment of the Tax Court.

**AFFIRMED.**